[Civ. No. 2562.    Second Appellate District, Division One.—February 13, 1919.]

VARNEY BROTHERS & COMPANY (a Corporation), Respondent, v. H. S. ABBOTT, Appellant; R. C. SHAW et al., Defendants.

APPEAL — ALTERNATIVE METHOD — INSUFFICIENT BRIEFS.—Where an appeal is presented under the alternative method, appellate courts will not search the transcripts when the parties have failed to print in their briefs or in a supplement appended thereto such parts of the record as they desire to call to the attention of the court.

HARMLESS VARIANCE — PLEADING AND PROOF.—A defendant-appellant cannot complain of a variance between the pleading and proof where the plaintiff complains on an open account and the proof shows an account stated for an amount greater than that demanded in the complaint.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ault & Chase for Appellant.

Jas. W. Glassford for Respondent.

CONREY, P. J.—The appeal of the defendant H. S. Abbott from the judgment in this case is presented upon a typewritten reporter's transcript and a typewritten clerk's transcript under the alternative method of presenting records on appeal. It has been held many times by the supreme court and by the several district courts of appeal that those courts will not search the typewritten transcripts where the parties have failed to "print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court." (Code Civ. Proc., sec. 953c.) In this case no part of the clerk's transcript containing the judgment-roll has been printed, and the evidence is very incompletely set forth in the briefs. In the brief for appellant it is said that "the solitary ground of appeal is that the evidence is insufficient to sustain the findings." But counsel have not set out any part of the pleadings so as to show what were the issues; have not set out the terms of any of the findings; have not pointed out the particulars in which the evidence is insufficient to sustain any one of the findings.

Appellant informs us that the judgment was rendered upon an open account of the plaintiff corporation against the defendant partnership and its members. He claims that the plaintiff was not entitled to judgment upon that account for two reasons: First, that the evidence showed that there was an account stated by the parties; and, second, that there had been a novation whereby another agreement and a promissory note executed by the debtor took the place of the pre-existing account.

So far as the first point is concerned, it is clear that appellant has no ground of complaint against the judgment, for he claims that the account stated was in the sum of $913.22, whereas he says that the amount asked for in the complaint was $804.37. We are likewise informed by the briefs that the amount of the judgment did not exceed the amount thus claimed in the complaint. The record, as far

as printed in respondent's brief, shows that it was stipulated on the part of the defendant that the account as stated by plaintiff was correct.

Those portions of the evidence contained in the brief for appellant, when supplemented by those portions set forth in the brief for respondent, show that negotiations took place between the defendant and some of its creditors, including the plaintiff, which negotiations, if they had been carried to completion according to their apparent intention, might have substituted a new obligation for the original indebtedness. But a part of the evidence thus presented tends to show that those negotiations did not result in a complete transaction and that the parties did not do all of the things necessary to constitute a new agreement.

The judgment is affirmed.

Shaw, J., and James, J., concurred.